IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLINE WYCISLAK, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.   22 C 6703 |
| v. | ) ) | |
| FRONTLINE ASSET STRATEGIES, LLC, and LVNV FUNDING, LLC, | ) ) ) | Judge Robert W. Gettleman |
| Defendants. | ) ) | |

## ORDER

Plaintiff Caroline Wycislak brought a putative class action complaint in the Circuit Court of Cook County, Illinois, against defendants Frontline Asset Strategies, LLC, and LVNV Funding LLC, alleging that defendants violated the Fair Debt Collections Act, 15 U.S.C. § 1692f (8), by sending her a collection letter in an envelope that had a glassine window on the front, through which the payment box was at least partially visible.   Defendant Frontline (with LVNV's consent) removed the case to this court pursuant to 28 U.S.C. § 1441(a).   Plaintiff has moved to remand the matter back to the state court and for costs and attorneys' fees, arguing that she has not alleged facts to support standing.   The court agrees with plaintiff and remands the case to the state court but declines to award costs and fees.

As the parties that seek a federal forum, it is defendants' burden to establish the court's authority to hear the case.   Thornley v. Clearview AI, Inc., 984 F.3d 1241, 1244 (7th Cir. 2021). That means defendants must show that plaintiff has Article III standing.

To establish standing under Article III, the proponent of the federal forum must demonstrate that the plaintiff: 1) suffered an injury in fact that is concrete, particularized, and

actual or imminent; 2) that the injury was caused by the defendant; and 3) that the injury would likely be redressed by the requested judicial relief.   Id.   In the instant case, there is little doubt about the second and third requirements.   The parties' disagreement focuses on the first requirement—whether plaintiff has suffered an injury-in-fact.

In Thornley, the Seventh Circuit indicated that the court must focus on plaintiff's allegations to determine standing, and that a plaintiff can take care to avoid pleading an injury-in-fact, sufficient to confer standing.   The court concluded that the plaintiffs in Thornley had achieved that goal, by "describ[ing] only a general, regulatory violation, not something that is particularized to them and concrete."   Id. at 1248.   "It is no secret to anyone that they took care in their allegations, and especially in the scope of the proposed class they would like to represent, to steer clear of federal court.   But in general, plaintiffs may do this."   Id.

In the instant case, plaintiff's complaint alleges only a bare violation of § 1692f (8) and seeks statutory damages only.   The proposed class is similarly defined.   This is not enough to confer standing.   See Nettles v. Midland Funding, LLC, 983 F.3d 896 (7th Cir. 2020).   The complaint contains no factual allegations of any other harm to plaintiffs.   Consequently, the court concludes that the complaint does not contain any allegations to support Article III standing.

Plaintiffs seek attorneys' fees under 28 U.S.C. § 1447 (c), arguing that there was no objectively reasonable basis for removal.   In so arguing, plaintiff points out that defendants' counsel is a "serial remover," and the cases removed by counsel have either been remanded or settled prior to remand.   Although plaintiff makes a compelling argument, the court declines to award fees.   Standing in cases brought under the FDCPA and similar statutes is a difficult issue

that has often been before the Seventh Circuit, with potentially confusing results.   See Thornley 984 F.3d at 1244-49 (and cases cited therein).   Consequently, the court gives counsel the benefit of the doubt in concluding that they had an arguably objectively reasonable basis to believe the case was removable.   Nonetheless, the court cautions counsel not to remove a case when the plaintiff has obviously avoided pleading a concrete injury.

## CONCLUSION

For the reasons described above, the court grants in part and denies in part Plaintiff's Motion to Remand and For Costs and Attorneys' Fees for Improper Removal [17].   The case is remanded to the Circuit Court of Cook County, Illinois.   The request for attorneys' fees and costs is denied.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE:     February 21, 2023**

3